ORIGINAL

# In the United States Court of Federal Claims

No. 17-351C
Filed: April 12, 2017
NOT FOR PUBLICATION

**FILED**

APR 1 2 2017

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| TAYE LAMONTE ELLEBY, | ) | |
| | ) | *Pro Se*; *In Forma Pauperis*; 28 U.S.C. § |
| Plaintiff, | ) | 1915(g). |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Taye L. Elleby*, Wallkill, NY, plaintiff *pro se*.

*Nathanael Brown Yale*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

<u>GRIGGSBY</u>, Judge

On March 14, 2017, plaintiff *pro se*, Taye Lamonte Elleby—who is currently incarcerated at the Shawangunk Correctional Facility in Wallkill, New York—filed the complaint in this action alleging various constitutional and procedural violations related to his criminal conviction and subsequent incarceration. *See generally* Compl. As relief plaintiff seeks certain injunctive relief and monetary damages. *Id.*

On March 29, 2017, the Clerk's Office also received from plaintiff a document requesting that the Court waive his "public administrative fee". Although plaintiff did not supply the affidavit required by 28 U.S.C. § 1915 (a), the Court construes plaintiff's filing as a request to proceed in this matter *in forma pauperis*. 28 U.S.C. § 1915 (1996).

Prior to commencing this action, plaintiff filed several cases in the United States District Court for the Southern District of New York challenging various aspects of his criminal conviction and incarceration. *See Elleby v. New York Post, et al.*, 14-CV-1323 (LAP) (S.D.N.Y

Apr. 28, 2014) (dismissing complaint for failure to state a claim); *Elleby v. DeRose, et al*, 15-CV-0883 (LAP) (S.D.N.Y. Mar. 27, 2015) (dismissing complaint as frivolous and for failure to sufficiently allege a violation of 42 USC § 1983); *Elleby v. City of New York, et al.*,16-CV-970 (LAP) (S.D.N.Y. Feb. 29, 2016) (dismissing complaint for failure to state a claim).  The district court dismissed each of these cases upon the grounds that either plaintiff's claims were frivolous or that plaintiff had failed to state a plausible claim for relief.  *Id.*

Upon careful review of the complaint in this matter, the Court concludes that plaintiff has not alleged facts showing that he is under imminent threat of serious physical injury.  *See generally* Compl.  As a result, plaintiff must pay the full filing fee prior to proceeding with the present matter, because plaintiff has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).

And so, the Court **ORDERS** plaintiff to pay the Court's $400 filing fee in full within thirty (30) days of the entry of this Order.  Failure to comply with this Order will result in the dismissal of plaintiff's complaint for failure to prosecute, or to comply with an Order of the Court, pursuant to Rule 41 of the Rules of the United States Court of Federal Claims.  RCFC 41(b).

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge