# In the United States Court of Federal Claims

No. 17-351C
Filed: November 3, 2017
NOT FOR PUBLICATION

FILED

NOV - 3 2017

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TAYE LAMONTE ELLEBY, | *Pro se*; Rule 12(b)(1); Subject-Matter Jurisdiction. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

*Taye L. Elleby*, Walkhill, NY, plaintiff *pro se*.

*Nathanael B. Yale*, Trial Attorney, *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff *pro se*, Taye Lamonte Elleby, brought this action alleging various constitutional and procedural challenges to his criminal conviction and subsequent incarceration for sex trafficking and promoting prostitution. *See generally* Compl. In the complaint, plaintiff alleges that he has been unjustly convicted of these crimes because of coerced witness testimony and the alleged improper actions of the judge that presided over his case, in violation of the Sixth, Seventh, and Fourteenth Amendments to the United States Constitution. *See id.* at 1-3. Plaintiff also challenges the decision of the United States District Court for the Southern District of New York to dismiss a civil suit that plaintiff filed to obtain compensation for his alleged unjust conviction. *Id.* at 2. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims

1

("RCFC"). *See generally* Def. Mot.  For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.  RCFC 12(b)(1).

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiff *pro se*, Taye Lamonte Elleby, was convicted of sex trafficking and promoting prostitution by the Supreme Court of the State of New York, New York County, and he is currently incarcerated in a New York state prison.  Compl. at 2; *see also People v. Elleby*, No. 02135-2013 (N.Y.S. filed May 17, 2013) (certificate of disposition indictment).  Plaintiff's complaint is difficult to follow.  But it appears that plaintiff alleges various constitutional and procedural challenges to his criminal conviction and subsequent incarceration.  *See generally* Compl.

Specifically, plaintiff alleges that he was falsely arrested and has been unjustly convicted due to coerced witness testimony and the alleged improper actions of the judge that presided over his criminal case, in violation of the Sixth, Seventh, and Fourteenth Amendments to the United States Constitution.  *Id.* at 1-2.  Plaintiff also alleges that the United States District Court for the Southern District of New York improperly dismissed a civil suit that plaintiff filed to obtain compensation for his alleged unjust conviction.  *Id.* at 2.  Lastly, plaintiff alleges what appears to be a "sovereign citizen" claim, namely, that that the government has fraudulently issued bonds in his name by "pooling them together and making mortgage backed securities." *Id.*

As relief, plaintiff requests that the Court "void any and all contract[ual] obligations or bonds."  *Id.* at 3.  Plaintiff also seeks to recover punitive damages in the amount of $30 million and "nominal damages" in the amount of $2 million "per defendant." *Id.*

---

[1] The facts recited herein are taken from the complaint ("Compl.").  Unless otherwise stated, the fact are undisputed.

**B.    Procedural Background**

Plaintiff commenced this action on March 14, 2017.  *See generally* Compl.  On June 30, 2017, the government moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1).  *See generally* Def. Mot.

On July 17, 2017, plaintiff attempted to file a document entitled "plaintiff's motion to proceed," which the Court returned to plaintiff unfiled.  *See* Order, dated July 18, 2017.  On August 8, 2017, the Court issued an Order directing plaintiff to show cause for why he failed to file a timely response to the government's motion to dismiss.  *See generally* Order to Show Cause, dated August 8, 2017.  On August 18, 2017, plaintiff filed a response to the Court's Order to Show Cause stating that he intended for his motion to proceed to serve as plaintiff's response to the government's motion to dismiss.  *See generally* Pl. Resp. to Order to Show Cause; Pl. Opp.

On August 30, 2017, plaintiff filed his motion to proceed as a response to the government's motion to dismiss by leave of the Court.  *See generally* Pl. Opp.  On September 29, 2017, the government filed a reply in support of its motion to dismiss.  *See generally* Def. Reply.

The government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

**III.    LEGAL STANDARDS**

**A.    *Pro Se* Litigants**

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleadings requirements leniently.  *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320,

1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation omitted).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 982 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.   Subject-Matter Jurisdiction, RCFC 12(b)(1)

When deciding a motion to dismiss based upon lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the

4

substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). To pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

Specifically relevant to this matter, the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Jones v. United States*, No. 15-1044, 2016 WL 447144, at *1 (Fed. Cl. Feb. 4, 2016). It is also well-established that the Court does not possess jurisdiction to review or to consider criminal matters. *See Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters).

## C.   Contracts With The United States

Lastly, under the Tucker Act, the Court possesses jurisdiction to consider claims based "upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). But, the Court does not possess jurisdiction to consider claims against the United States "based on contracts implied in law." *See, e.g. United States v. Mitchell*, 463 U.S. 206, 218 (1983) (citing *Merritt v. United States*, 267 U.S. 338, 341 (1925)); *Aboo v. United States*, 86 Fed. Cl. 618, 626, *aff'd*, 347 F. App'x 581 (Fed. Cir. 2009). And so, to bring a valid contract claim against the United States in this Court, the underlying contract must be either express or implied-in-fact. *Aboo*, 86 Fed. Cl. at 626-27.

To establish the existence of either an express or implied-in-fact contract with the United States, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see e.g. Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (citations omitted) (The "government consents to be sued only by those with whom it has privity of contract."). A plaintiff must support a contract claim with well-pleaded allegations going to each element of a contract to pursue a contract claim under the Tucker Act. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (emphasis added) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a

plaintiff must present a well-pleaded allegation that its claims arose out of a *valid* contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."). In addition, a government official's actual authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89, *appeal dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents."[2] *Id.* at 187.

## IV.    DISCUSSION

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) plaintiff fails to assert a money-mandating constitutional provision to establish jurisdiction under the Tucker Act; (2) the Court may not consider plaintiff's civil rights claim based upon 42 U.S.C. § 1983; (3) the Court may not review district court proceedings; (4) plaintiff fails to assert a non-frivolous unjust conviction claim under 28 U.S.C. § 1495; (5) plaintiff's claim that the government holds bonds in his name is insufficient to invoke the Court's jurisdiction; and (6) plaintiff fails to assert a non-frivolous claim that he has a valid contract with the government. Def. Mot. at 2-5; Def. Reply at 3.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.[3] And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint. RCFC 12(b)(1).

---

[2] A government official possesses express actual authority to bind the United States in contract "only when the Constitution, a statute, or a regulation grants it to that agent in unambiguous terms." *Jumah v. United States*, 90 Fed. Cl. 603, 612 (2009), *aff'd*, 385 F. App'x 987 (Fed. Cir. 2010) (internal citations omitted); *see also City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990). On the other hand, a government official possesses implied actual authority to bind the United States in contract "when the employee cannot perform his assigned tasks without such authority and when the relevant agency's regulations do not grant the authority to other agency employees." *SGS-92-X003 v. United States*, 74 Fed. Cl. 637, 652 (2006) (citations omitted). In addition, when a government agent does not possess express or implied actual authority to bind the United States in contract, the government can still be bound by contract if the contract was ratified by an official with the necessary authority. *Janowsky v. United States*, 133 F.3d 888, 891-92 (Fed. Cir. 1998).

[3] The government has also moved to dismiss plaintiff's complaint for failing to assert "'a short and plain statement of the grounds for the court's jurisdiction,'" pursuant to RCFC 8(a)(1). *See* Def. Mot. at 3. The Court observes that it grants parties proceeding *pro se* greater leeway than litigants represented by counsel in drafting the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.     The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims**

**1.   The Court May Not Entertain Plaintiff's Constitutional Claims**

As an initial matter, the Court may not entertain plaintiff's constitutional claims, because these claims are not based upon money-mandating sources of law.  In the complaint, plaintiff alleges that he has been unjustly convicted and sentenced to incarceration, in violation of the Sixth, Seventh, and Fourteenth Amendments to the United States Constitution.  *See generally* Compl.  The Court may not consider plaintiff's claims.

Indeed, it is well-established that the Court does not possess jurisdiction to consider claims based upon the Sixth Amendment to the United States Constitution.  *Godfrey v. United States* 131 Fed. Cl. 111, 120 (2017) (holding the court does not have jurisdiction to adjudicate civil claims in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because they are not money-mandating).  This Court has also long held that the Seventh Amendment is not a money-mandating source of law that can be relied upon to establish jurisdiction under the Tucker Act.  *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014).  In addition, the Federal Circuit has held that this Court does not possess subject-matter jurisdiction to consider claims based upon the equal protection and due process clauses of the Fourteenth Amendment.  *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Quailes v. United States*, 25 Cl. Ct. 659, 664, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) (citation omitted) ("This court does not have jurisdiction . . . because neither the due process or equal protection clauses of the Constitution 'obligate the United States to pay money damages.'").  And so, the Court must dismiss plaintiff's constitutional claims for lack of subject-matter jurisdiction.  RCFC 12(b)(1).

**2.   The Court May Not Consider Plaintiff's Civil Rights Claim**

The Court is similarly without jurisdiction to consider plaintiff's civil rights claim based upon Section 1983.  In the complaint, plaintiff alleges that a judge for the United States District Court for the Southern District of New York violated 42 U.S.C. § 1983, by dismissing plaintiff's unjust conviction case before the district court.  *See* Compl. at 2.  This Court has long recognized that jurisdiction over civil rights claims brought pursuant to Section 1983 "is vested exclusively in the district courts." *See, e.g. Taylor v. United States*, 130 Fed. Cl. 570, 572, *aff'd*, 666 F. App'x 896 (Fed. Cir. 2016) (citations omitted); *see also Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (holding "jurisdiction over claims under the Civil Rights Act resides exclusively in

the district courts."). And so, the Court may not entertain plaintiff's civil rights claim in this action. RCFC 12(b)(1).

### 3. The Court May Not Review Proceedings Before A District Court

To the extent that plaintiff seeks a review of the district court's decision to dismiss his unjust conviction case, the Court is also precluded from considering this claim. The Federal Circuit has held that this Court does not possess subject-matter jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua*, 17 F.3d at 380 (Court lacks jurisdiction to entertain appeal of district court review of state criminal proceedings); *see also Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."); *Jones*, No. 15-1044, 2016 WL 447144, at *1; *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981). And so, the Court must dismiss plaintiff's challenge to the district court's decision. RCFC 12(b)(1).

### 4. The Court May Not Consider Plaintiff's Unjust Conviction Claim

Plaintiff's unjust conviction claim is also jurisdictionally precluded, because plaintiff has not established—or even alleged—that his criminal conviction has been reversed or set aside. In the complaint, plaintiff alleges that he has been unjustly convicted due to a false arrest and witness coercion. Comp. at 1-2. But, plaintiff does not allege that a court has set aside or reversed his criminal conviction for sex trafficking and promoting prostitution. *Id.* at 1; *see also* Def. Mot. at 4.

This Court may "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, a plaintiff seeking to challenge a criminal conviction as unjust under Section 1495 must also "allege and prove that . . . [h]is conviction has been reversed or set aside" with a certificate of innocence from the court that ordered such a reversal. 28 U.S.C. § 2513; *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005) (citing *Lucas v. United States,* 228 Ct. Cl. 862, 863 (1981)) ("The unjust conviction statutes do not give th[is] Court authority to review and overturn convictions entered by a court of competent jurisdiction.").

Here, plaintiff has not alleged that his conviction has been set aside or reversed, nor has plaintiff provided a certificate of innocence. *See* Compl. at 1; Def. Mot. at 4-5. Given this, the Court must dismiss plaintiff's unjust conviction claim.[4]  RCFC 12(b)(1) and (b)(6).

### 5. Plaintiff's Sovereign Citizen Claim Is Jurisdictionally Precluded

As a final matter, the Court must also dismiss plaintiff's "sovereign citizen" claim, because this claim is jurisdictionally precluded under the Tucker Act. In the complaint, plaintiff appears to allege, among other things, that the government has fraudulently issued bonds in his name without plaintiff's consent. Compl. at 2. Plaintiff's claim appears to be based upon the ideology of the "sovereign citizen movement," which seeks to recover money purportedly paid to the government in the form of taxes. *See, e.g., Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (explaining *pro se* prisoner's allegation of not consenting to citizenship and requesting a refund from the government for his federal taxes that are held within a trust account); *Troxelle v. United States,* No. 10–312C, 2010 WL 3982349, at *1 (Fed. Cl. Oct. 6, 2010) (unpublished opinion) (describing the plaintiffs allegations that the issuance of his birth certificate and social security number created debts that the government was required to repay to him).

As the government notes in its motion to dismiss, this Court has held that such claims are "frivolous," because "[n]either birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties[.]" *Rivera v. United States*, 105 Fed. Cl. 644, 650 (2012) (quoting *Gravatt,* 100 Fed. Cl. at 286); *see also* Def. Mot. at 5. Plaintiff also does not establish the elements necessary to show that he has either an express or implied-in-fact contract with the government in the complaint. *See* Compl. at 2-3; *see also Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (1997) (To establish an express or implied-in-fact contract with the government, plaintiff must allege facts which demonstrate "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract.").

---

[4] This Court also may not consider a claim against the New York state court judge that presided over plaintiff's criminal trial, or claims against the other individuals named in the complaint. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis existing) (citations omitted) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."); *see also* Compl. at 1-2.

And so, the Court must also dismiss plaintiff's "sovereign citizen" claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

## V.   CONCLUSION

In sum, even the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1).

In light of the foregoing, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge